

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**LINDA C. GOLDSTEIN**

linda.goldstein@dechert.com
+1 212 698 3817 Direct
+1 212 698 0684 Fax

May 3, 2019

**VIA FEDEX AND ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Honickman, et al. v. BLOM Bank SAL*, No. 1:19-cv-00008-KAM-SMG

Dear Judge Matsumoto:

Pursuant to Section IV.B.1 of the Court's Chambers Practices and the Stipulation and Proposed Order entered on February 8, 2019, I write to request a pre-motion conference to address a dispositive motion. The Complaint in this civil action pleads a single aiding and abetting count against Defendant BLOM Bank SAL ("BLOM") under the civil liability provisions of the Anti-terrorism Act ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), 18 U.S.C. § 2333(a) & (d). Because the allegations against BLOM are facially inadequate, BLOM should be permitted to move to dismiss the Complaint.

BLOM is one of the oldest banks in Lebanon. Opened in Beirut in 1951, BLOM has no operations in the United States. Its offices in 12 countries serve the niche market of Lebanese and Arab expatriates and business people in Europe and act as trusted local full-service banks in the Middle East. Plaintiffs allege that they (or their family members) were injured by a series of violent attacks committed in Israel by alleged agents of the Islamic Resistance Movement ("Hamas") in 2001–2003.[1] Plaintiffs allege that BLOM provided routine banking services to

---

[1] Over the years, Plaintiffs have brought multiple lawsuits against other defendants allegedly responsible for their injuries. *See, e.g.*, *Kirschenbaum, et al. v. Islamic Republic of Iran*, No. 03-cv-01708 (D.D.C.); *Sokolow, et al. v. Palestine Liberation Organization, et al.*, No. 04-cv-00397 (S.D.N.Y); *Linde, et al., v. Arab Bank, PLC*, No. 04-cv-2799 (E.D.N.Y.); *Wolf, et al. v. Credit Lyonnais, S.A.*, No. 07-cv-00914 (E.D.N.Y.); *Applebaum, et al. v. National Westminster Bank, PLC*, No. 07-cv-00916 (E.D.N.Y.); *Beer, et al. v. ASSA Corporation*, No. 13-cv-01848 (S.D.N.Y.); *Averbach, et al. v. Cairo Amman Bank*, No. 19-cv-00004 (S.D.N.Y.); *Spetner, et al. v. Palestine Investment Bank*, No. 19-cv-00005 (E.D.N.Y.); *Singer, et al. v. Bank of Palestine*, No. 19-cv-00006 (E.D.N.Y.).





charitable organizations that, by Plaintiffs' own admission, engaged in actual charitable work. These charities were later linked to Hamas.

Under the ATA's basic framework and the standards of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), Plaintiffs have not stated a claim. Nowhere in the Complaint do Plaintiffs allege sufficient facts to demonstrate that BLOM was aware that it was playing any role in alleged terrorist activities, that BLOM knowingly or substantially assisted the acts that resulted in Plaintiffs' injuries, or that BLOM's routine banking services directly assisted the operatives who caused those injuries. And, at the very least, a number of individual Plaintiffs should be dismissed because they lack standing or otherwise fail to plead a claim under the ATA. The specific grounds for the proposed motion are as follows:

***1. Plaintiffs do not plead sufficient facts tending to demonstrate that BLOM was aware it played any role in the alleged terrorist activities.*** Under the Second Circuit's decision in *Linde v. Arab Bank, PLC*, 882 F.3d 314 (2d Cir. 2018), the mere provision of routine banking services to a terrorist entity does not render a bank liable under an aiding and abetting theory. Instead, "[a]iding and abetting requires the secondary actor to be 'aware' that, by assisting the principal, it is itself assuming a 'role' in terrorist activities." *Linde*, 882 F.3d at 329 (*quoting Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)). As one recent decision in this District explained: "Evidence that Defendant knowingly provided banking services to a terrorist organization, without more, is insufficient to satisfy JASTA's scienter requirement." *Weiss v. Nat'l Westminster Bank PLC*, No. 05-cv-4622-DLI-RML, 2019 WL 1441118, at *11 (E.D.N.Y. Mar. 31, 2019)); *see also O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709-LTS-GWG, 2019 WL 1409446, at *10 (S.D.N.Y. Mar. 28, 2019) (dismissing for failure to state a claim where complaint failed to allege facts showing that Defendants knew that financial services were "destined" to aid organization responsible for the attacks). Here, the Complaint alleges nothing more than that BLOM provided routine banking services to organizations that later were revealed to be connected to Hamas. But none of the allegations, if true, would establish that BLOM was aware of that connection at the time it provided those banking services or, more importantly, that BLOM was aware that the banking services it provided to those customers were connected to alleged terrorist activities. Even if BLOM did have reason to believe that its customers were in some way affiliated with Hamas, that awareness alone would not subject BLOM to aiding and abetting liability because Plaintiffs have not alleged facts demonstrating that the bank had any sense that its routine banking services might be playing a role in terrorism.

***2. Plaintiffs do not plead sufficient facts tending to demonstrate that BLOM knowingly provided substantial assistance to the wrongful acts that caused their injuries.*** In addition to the requirement that an aider and abettor be generally aware that it is assuming a role in terrorist activities, JASTA requires that a defendant "knowingly provid[e] substantial assistance [to] . . . the person who committed such an act of international terrorism." *Linde*, 882 F.3d at 320

(quoting 18 U.S.C. § 2333(d)(2)). Here, again, the Complaint is legally deficient: Plaintiffs do not plead that BLOM knowingly assisted the alleged terrorist activities or that it assisted those activities in a substantial fashion. The case law sets forth six factors relevant to determining whether an alleged act can satisfy the substantial assistance requirement of JASTA: "(1) the nature of the act encouraged, (2) the amount of assistance given by defendant, (3) defendant's presence or absence at the time of the tort, (4) defendant's relation to the principal, (5) defendant's state of mind, and (6) the period of defendant's assistance." *Linde*, 882 F.3d at 330. These factors cut decisively against a finding of substantial assistance. The "nature of the act" at issue is the alleged provision of routine banking services to organizations that purported to be legitimate charities (and that did in fact do charitable work) before the U.S. government designated them as Specially Designated Global Terrorists ("SDGTs") and BLOM's subsequent closing of their accounts. Plaintiffs make no effort even to try to quantify the "amount of assistance" that BLOM is alleged to have provided, indirectly through charitable organizations, to the alleged terrorist activities. BLOM's alleged "relation to" the attacks was attenuated, at best. BLOM is not alleged to have been present at any of the attacks. And Plaintiffs have not alleged any facts suggesting that BLOM in any way encouraged or supported alleged terrorism.

***3. Plaintiffs do not plead sufficient facts tending to demonstrate that BLOM's routine banking services directly assisted the acts that caused Plaintiffs' injuries.*** In addition, under the plain text of the ATA, as amended by JASTA, a defendant is liable only if it *directly* aided and abetted the "*person*" who committed the relevant "*act* of international terrorism." 18 U.S.C. § 2333(d)(2). But Plaintiffs do not allege that any BLOM account holder committed the attacks that caused their harms. Instead, Plaintiffs have alleged that BLOM provided routine banking services to charitable organizations that then aided and abetted alleged terrorist activities. But JASTA does not impose liability for aiding and abetting an alleged aider and abettor. *Siegel v. HSBC Bank USA, N.A.*, No. 17-cv-6593-DLC, 2018 WL 3611967, at *4 (S.D.N.Y. July 27, 2018), *appeal docketed* No. 18-2540 (2d Cir. Aug. 27, 2018). Moreover, Plaintiffs' allegations come nowhere close to establishing any causal relationship between BLOM's provision of routine banking services and the attacks that caused Plaintiffs' injuries.

***4. Additionally and alternatively, certain individual Plaintiffs' claims require dismissal.*** A number of Plaintiffs are ineligible to sue under the ATA because they are not "national[s] of the United States." 18 U.S.C. § 2333(a); *see* Compl. ¶¶ 135, 260, 385, 458 (Plaintiffs are nationals of Israel and France). In addition, others have not alleged injuries that were proximately caused by an act of terrorism or fairly traceable to BLOM's alleged actions, as required to establish a claim and Article III standing. *See* Compl. ¶¶ 465–85 (describing injuries arising from slip-and-fall).

We will be prepared to address these issues at a pre-motion conference. The parties have agreed to the following briefing schedule: BLOM's moving papers to be served on June 3, 2019; opposition papers to be served on July 8, 2019; and reply papers to be served on July 29, 2019.







Respectfully,

*/s/ Linda C. Goldstein*

Linda C. Goldstein

cc: All Counsel (via FedEx and ECF)