OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601          1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                                                               T.212.354.0111

May 22, 2019

**VIA ECF and FEDEX**

Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:** *Honickman, et al. v. BLOM Bank SAL*, No. 1:19-cv-00008-KAM-SMG

Dear Judge Matsumoto:

      We write pursuant to Your Honor's May 15, 2019 Order in which the Court directed Plaintiffs to "advise Defendant as to which claims Plaintiffs will voluntarily dismiss." We have voluntarily dismissed the claims of one Plaintiff referenced in Defendant's May 3, 2019 Pre-Motion Conference Letter, ECF No. 20.

      After the Complaint was filed in this case on January 1, 2019, the Court in *Miller v. Arab Bank, PLC*, 18-cv-2192 (BMC)(PK) held that non-U.S. national relatives of U.S. nationals who survived an attack lacked standing under 18 U.S.C. § 2333(a), but non-U.S. relatives of U.S. nationals who died as a result of acts of international terrorism do have standing under § 2333(a) as "heirs" and "survivors" of the deceased. 2019 WL 1115027, *3-4 (E.D.N.Y. March 11, 2019).

      Although Plaintiffs reserve the right to appeal the *Miller* decision with respect to the dismissal of the claims of the non-U.S. nationals of surviving victims, in keeping with that decision Plaintiffs have voluntarily dismissed the claim of Arie Miller, the father of Netanel Miller, who was injured in (but has survived) the December 1, 2001 Ben Yehuda Street Bombings. As set forth below, the remaining claims Defendant challenges on standing grounds pertain to non-U.S. citizen relatives of U.S. nationals who died as a result of the terrorist attacks:

(1)     Matanya Nathansen, the father of Tehilla Nathansen, a three-year old U.S. citizen murdered in a suicide bombing on August 19, 2003 while sitting on her mother's lap aboard a bus (Compl., ¶¶ 76-77, 132-35);

(2)     Julie Averbach, the widow of Steven Averbach, a 44-year old U.S. citizen who was rendered a quadriplegic by a suicide bombing on May 18, 2003, and who died in 2010 as a result of his injuries (Compl., ¶¶ 240-43, 251-59); and

(3) Nevenka Gritz, the mother of her only child David Gritz, a U.S. citizen who was studying philosophy abroad when he was killed by a bomb blast in his university's cafeteria on July 31, 2002 (Compl., ¶¶ 337-39, 380-85).

Plaintiffs will not be voluntarily dismissing those claims.

Defendant also contends that the claims of Plaintiff Altea Steinherz and her family members (all U.S. nationals) should be dismissed, characterizing the circumstances of her physical and emotional injuries, suffered when she was nine months pregnant and attempting to flee from the site of the aforementioned Ben Yehuda Street Bombings (a coordinated double-suicide bombing and car bombing at a pedestrian mall), as a "slip-and-fall." (Compl., ¶¶ 413-14, 465-85.) Letter at 3. Defendant contends that these injuries were not "proximately caused by an act of terrorism or fairly traceable to BLOM's alleged actions." *Id.* Apart from factually disputing the cause and nature of Ms. Steinherz's injuries, Defendant sets forth no basis to challenge Plaintiffs' standing in its letter – and Plaintiffs are not aware of any – to voluntarily dismiss these claims.

All of the aforementioned Plaintiffs have standing to sue under § 2333(a) and § 2333(d).

Respectfully submitted,

/s/ Gary M. Osen

cc: All Counsel