UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAL HONICKMAN, *et al*.,          :
                                      :
                    Plaintiffs,       :
                                      :
        - against -                   :       No. 1:19-cv-00008-KAM-SMG
                                      :
BLOM BANK SAL,                        :
                                      :
                    Defendant.        :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANT'S REPLY MEMORANDUM IN FURTHER OPPOSITION
TO PLAINTIFFS' MOTION FOR VACATUR OF JUDGMENT**


DECHERT LLP
Linda C. Goldstein
Tamer Mallat
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

Justin M. Romeo (*pro hac vice*)
1900 K Street, Northwest
Washington, District of Columbia 20006
(202) 261-3300

Michael H. McGinley (*pro hac vice*)
Selby P. Brown (*pro hac vice*)
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania 19104
(215) 994-4000

*Attorneys for Defendant BLOM Bank SAL*

Case 1:19-cv-00008-KAM-SMG   Document 65   Filed 12/03/21   Page 2 of 14 PageID #: 702

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 2

I.      Plaintiffs Did Not Appeal this Court's Dismissal with Prejudice When They
        Appealed Other Aspects of this Court's Opinion and Cannot Challenge that
        Ruling Now. .................................................................................................................... 2

II.     Plaintiffs' Excuses for Failing to Amend Are All Contrived. ........................................ 3

III.    The Rule 15 Standard of Liberal Amendment Has No Bearing on the
        Rule 60(b)(6) Vacatur Analysis After a Dismissal Has Been Affirmed. ....................... 6

CONCLUSION ............................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Ackermann v. United States*,
   340 U.S. 193 (1950)...........................................................................................1, 2, 6

*Agiwal v. Mid Island Mortg. Corp.*,
   555 F.3d 298 (2d Cir. 2009)...........................................................................................9

*Berman v. Morgan Keegan & Co.*,
   455 F. App'x 92 (2d Cir. 2012) ......................................................................................5

*Faryniarz v. Ramirez*,
   62 F. Supp. 3d 240 (D. Conn. 2014)..............................................................................7

*Foman v. Davis*,
   371 U.S. 178 (1962).....................................................................................................2, 8

*Kaplan v. Lebanese Canadian Bank, SAL*,
   999 F.3d 842 (2d Cir. 2021)...........................................................................................5

*LeBlanc v. Cleveland*,
   248 F.3d 95 (2d Cir. 2001).............................................................................................7

*Loreley Financing (Jersey) No. 3 Limited v. Wells Fargo Securities, LLC*,
   797 F.3d 160 (2d Cir. 2015)........................................................................................3, 4

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*,
   970 F.3d 133 (2d Cir. 2020).......................................................................................1, 8

*Mitchell v. Hobbs*,
   951 F.2d 417 (1st Cir. 1991)..........................................................................................2

*Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*,
   930 F.2d 240 (2d Cir. 1991)...........................................................................................6

*Nemaizer v. Baker*,
   793 F.2d 58 (2d Cir. 1986).........................................................................................1, 2

*Obra Pia Ltd. v. Seagrape Invs. LLC*,
   No. 19-CV-7840 (RA), 2021 WL 1978545 (S.D.N.Y. May 18, 2021) ......................5, 8

*Rosner v. Star Gas Partners, L.P.*,
   344 F. App'x 642 (2d Cir. 2009) ...................................................................................5

*Simone v. Prudential Ins. Co. of Am.*,
   164 F. App'x 39 (2d Cir. 2006) .....................................................................................2

*Williams v. Citigroup Inc.*,
    659 F.3d 208 (2d Cir. 2011)..............................................................................3, 8

**Other Authorities**

18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
    § 4433 (3d ed. 2021) ...........................................................................................3

Fed. R. Civ. P. 15 .................................................................................... *passim*

Fed. R. Civ. P. 16(f) ......................................................................................8

Fed. R. Civ. P. 59(e) ..................................................................................6, 7

Fed. R. Civ. P. 60(b) ............................................................................ *passim*

## PRELIMINARY STATEMENT

Plaintiffs' motion rests on the false premise that this Court erred when it held that their "decision not to accept either invitation [at the pre-motion conference and oral argument] to amend the complaint justified dismissal with prejudice." Plaintiffs' Memorandum of Law in Support of Their Motion to Vacate the Judgment ("MOL"), ECF No. 64 at 22. But if Plaintiffs wished to challenge that ruling, the place to do so was in their unsuccessful appeal to the Second Circuit, *not* in a belated post-appeal motion for vacatur. Plaintiffs, who do not even pretend that any of the information in the PAC was unavailable to them, offer no explanation for why they opted not do so.[1] Nor do they contend that the dismissal of this suit against BLOM—one of a dozen that they have filed against different defendants—works an "extreme or undue hardship" upon them. *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)).

This motion thus falls squarely within the rule of *Ackermann v. United States,* 340 U.S. 193, 198 (1950), where the Supreme Court held that a "free, calculated, deliberate choice[]" to forgo an available appeal precludes the possibility of relief under Rule 60(b)(6). *See* Point I, below. Plaintiffs' tortuous excuses for why they declined this Court's two invitations to amend their Complaint are immaterial because they did not challenge the resulting dismissal with prejudice in their appeal. Those hollow excuses are also refuted by the record, which shows that Plaintiffs had ample notice of the Complaint's core defects. *See* Point II, below. And Plaintiffs' argument that their motion for vacatur of an affirmed judgment should not be governed by the stringent standard of Rule 60(b)(6), but rather by the liberal standard for amendment under Rule 15, is literally without precedent. Plaintiffs have not identified a single case applying the Rule

---

[1]    Abbreviated terms not defined here are defined in BLOM's Opposition to Motion for Vacatur of Judgment, ECF No. 63 ("Opp.").

15 standard where, as here, vacatur is sought for the first time after a judgment of dismissal with prejudice has been affirmed on appeal. *See* Point III, below. For all of these reasons, Plaintiffs' motion should be denied.

## ARGUMENT

I.  **Plaintiffs Did Not Appeal this Court's Dismissal with Prejudice When They Appealed Other Aspects of this Court's Opinion and Cannot Challenge that Ruling Now.**

Plaintiffs readily concede that in their appeal to the Second Circuit, they "did not challenge the Court's decision not to permit amendment." MOL at 24. Yet that is precisely what they do on this motion, when they argue that "the Court's two invitations to amend were not effective," and that they should be given another opportunity to amend now. MOL at 20; *see generally* MOL at 20–25. Because any challenge to the Court's dismissal of the Complaint with prejudice could have been raised during Plaintiffs' previous appeal, but was not, this case falls squarely within the rule of *Ackermann,* which held that a plaintiff may not be relieved from a "free, calculated, deliberate choice[]" not to appeal. 340 U.S. at 198. Other courts have held the same. *Nemaizer*, 793 F.2d at 61 ("Rule [60(b)] may not be used as a substitute for a timely appeal."); *Mitchell v. Hobbs*, 951 F.2d 417, 420 (1st Cir. 1991) (holding that "[r]elief from judgment cannot be obtained under Rule 60(b)(6) unless the movant can demonstrate that 'extraordinary circumstances' prevented a timely appeal") (citing *Ackermann*, 340 U.S. at 197–202); *Simone v. Prudential Ins. Co. of Am.*, 164 F. App'x 39, 40 (2d Cir. 2006) (same).

The *Ackermann* rule has even greater force here, where Plaintiffs did appeal *other* aspects of this Court's ruling, putting it beyond dispute that their failure to challenge the denial of leave to amend was a calculated choice. Their mistaken reliance upon cases where plaintiffs *did* appeal a district court's denial of leave to amend, such as *Foman v. Davis*, 371 U.S. 178, 179

(1962), *Williams v. Citigroup Inc.,* 659 F.3d 208, 211–12 (2d Cir. 2011) and *Loreley Financing (Jersey) No. 3 Limited v. Wells Fargo Securities, LLC,* 797 F.3d 160, 169 (2d Cir. 2015), merely confirms that any effort to challenge the dismissal with prejudice should have been presented in their appeal, not in a post-appeal vacatur motion.  Plaintiffs further speculate that if they had appealed this Court's denial of leave to amend, the Second Circuit "presumably would have held" that amendment "was a matter for this Court to decide."  MOL at 25.  That may or may not be so, but no matter how the Second Circuit might have ruled on an appeal of this Court's denial of leave to amend, the fact remains that Plaintiffs waived the issue—and their opportunity to obtain Rule 60(b)(6) relief—by failing to raise it in their prior appeal.  And since Courts of Appeal often write opinions clarifying the law in the course of affirming a district court judgment, that commonplace occurrence cannot be an "extraordinary circumstance" that could justify overlooking Plaintiffs' waiver.

In sum, Plaintiffs have not identified a single case where Rule 60(b)(6) relief was granted to a plaintiff who sought to amend a complaint *after* unsuccessfully appealing its dismissal with prejudice, and with good reason.  It is black letter law that the failure to raise an issue on appeal precludes raising that same issue in subsequent litigation.  18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4433 (3d ed. 2021) ("A party who elects to appeal on one issue, omitting another issue on which it lost, is subject to issue preclusion on the issue not appealed").  Plaintiffs' failure to challenge the Court's previous denial of leave to amend in their appeal precludes granting such relief under Rule 60(b)(6) now.

## II.     Plaintiffs' Excuses for Failing to Amend Are All Contrived.

To divert attention from their procedural default in the Second Circuit, Plaintiffs instead try to explain why they declined this Court's two invitations to amend their Complaint, asserting

that they did not have a "meaningful[]" opportunity to amend until the Second Circuit's

*Honickman II* decision.  MOL at 18.  These excuses are all spurious.

*First*, as thoroughly explained in BLOM's Opposition, Opp. at 5–13, Plaintiffs had ample

notice of the deficiencies in their Complaint.  BLOM's pre-motion conference letter faulted the

Complaint for failing to establish BLOM's general awareness "at the time it provided" banking

services, noting that the alleged customers were "*later* revealed to be connected to Hamas."  ECF

No. 20 at 2 (emphasis added).  BLOM's motion further explained that the sources supporting the

Complaint's allegations of general awareness were either undated or post-dated the relevant time

period.  ECF No. 36-1 at 14–19.  This was the very basis on which the Second Circuit affirmed

this Court's dismissal of the Complaint, as Plaintiffs must and do concede.  *See* MOL at 18

(acknowledging that the Second Circuit affirmed "this Court's finding that articles Plaintiffs

cited were either undated or post-dated the attacks at issue").

*Second*, this Court specifically asked Plaintiffs at the hearing on BLOM's motion to

dismiss if they wished to amend by adding any more allegations to support JASTA's knowledge

requirement.  *See* Hr'g Tr. at 25:13–16, Nov. 25, 2019.  Plaintiffs unequivocally declined.  *Id.*

Unlike in *Loreley*, 797 F.3d at 190, on which Plaintiffs rely, this Court did not present them with

a "Hobson's choice" of forcing them to guess where their Complaint might be vulnerable.[2]

Where "each of the Court's reasons for dismissing the complaint's substantive counts were

initially raised as arguments in Defendants' motion papers . . . *Loreley* and its progeny do not

---

[2]    In *Loreley*, unlike here, the plaintiffs waived their right to amend after receiving a pre-motion conference
letter that did not capture the full scope of the defendant's motion to dismiss, but did seek leave to amend
after the motion was fully briefed.  In contrast, the lack of contemporaneous evidence of general awareness
was squarely addressed in the parties' pre-motion conference letters to the Court, in BLOM's motion to
dismiss, and at oral argument, at which Plaintiffs waived amendment a second time.  *See* Opp. at 5–9.

prevent the Court from denying Plaintiffs' Rule 60(b) motion." *Obra Pia Ltd. v. Seagrape Invs.*

*LLC*, No. 19-CV-7840 (RA), 2021 WL 1978545, at *7 (S.D.N.Y. May 18, 2021).[3]

    *Third*, Plaintiffs consistently argued that the factual allegations in the Complaint were

enough to establish BLOM's contemporaneous general awareness of a connection between its

alleged customers and Hamas under their view of the law. *See*, *e.g.*, Hr'g Tr. 6:9–11, May 15,

2019; ECF No. 37 at 17–21; Hr'g Tr. at 25:17–22, Nov. 25, 2019; (Cir. Dkt. 20-575-cv) ECF

No. 52 at 31 n.11, 33–34; *see generally* Opp. at 5–9.  Refuting their position here that they were

laboring under a misapprehension that they were required "to show, at the pleading stage, what

BLOM's employees read, or which notice events they had actual knowledge of," MOL at 17,

Plaintiffs persisted in maintaining the sufficiency of their allegations even *after* the Second

Circuit issued its decision in *Kaplan II*, which held that plaintiffs were *not* required to plead that

the defendant bank "read or was aware of" public sources of information. *Kaplan v. Lebanese

Canadian Bank, SAL*, 999 F.3d 842, 865 (2d Cir. 2021) (quoting *Kaplan I*).  Then, they

maintained that the Complaint "provided detailed allegations supporting the plausible inference

that BLOM knew the Hamas affiliations of the Three Customers and their transferors."  (Cir.

Dkt. 20-575-cv) ECF No. 98 at 5.

    Plaintiffs' continued insistence that the Complaint's allegations on general awareness

stated a claim under *Kaplan II* precludes any claim that "a change in law" could justify vacatur

here.  MOL at 19.  If there was a change in law that could justify amendment, the time for

---

[3]    Other cases cited by Plaintiffs confirm that a district court acts well within its discretion when denying leave to amend to plaintiffs who have declined previous invitations to amend.  *See Berman v. Morgan Keegan & Co.*, 455 F. App'x 92, 97 (2d Cir. 2012) (holding that "a district court does not abuse its discretion to deny a plaintiffs' motion to alter or amend a judgment" where "the court expressly invited plaintiffs to amend the Complaint, but plaintiffs declined the court's invitation."); *Rosner v. Star Gas Partners, L.P.*, 344 F. App'x 642, 645 (2d Cir. 2009) (summary order) (affirming district court's denial of leave to amend after plaintiff declined, in a pre-motion telephone conference, the district court's invitation to amend the complaint)).

Plaintiffs to raise it was when they submitted a letter to the Second Circuit addressing "how [*Kaplan II*] applies to this case," not after the Second Circuit affirmed the dismissal of their claims.  (Cir. Dkt. 20-575-cv) ECF No. 96.

*Fourth*, Plaintiffs' emphasis on other rulings in this Court's opinion that the Second Circuit did not affirm (*see* MOL at 10–14) can have no bearing on why Plaintiffs *twice* declined to amend their Complaint *before* this Court issued its opinion.  Although Plaintiffs deride BLOM's waiver argument as "Kafkaesque," MOL at 2, the only thing that is Kafkaesque about this case is Plaintiffs' insistence that they were deluded into waiving their right to amend by a legal opinion that this Court had not yet issued.  MOL at 3–8, 20–25.

In short, none of Plaintiffs' contentions can mitigate the fact that their (i) repeated waivers of an opportunity to amend the Complaint, (ii) failure to appeal the denial of leave to amend when the Complaint was dismissed, and (iii) failure to seek a remand in the post-*Kaplan II* supplemental briefing were binding waivers of their ability to seek leave to amend.  As such, Plaintiffs' prior declinations to act preclude vacatur under Rule 60(b)(6) and *Ackermann*.

## III.   The Rule 15 Standard of Liberal Amendment Has No Bearing on the Rule 60(b)(6) Vacatur Analysis After a Dismissal Has Been Affirmed.

Plaintiffs urge that this motion for vacatur under Rule 60(b)(6) should be assessed by the liberal standard for amendment under Rule 15.  *See, e.g.*, MOL at 15 (citing Rule 15 cases).  But as the Second Circuit has held, "once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)," not Rule 15.  *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf et al.*, 930 F.2d 240, 244 (2d. Cir. 1991) (citing *Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir. 1985)).  And post-judgment vacatur under Rule 60(b)(6)—the only subsection of the rule invoked here—may only be granted

in very limited circumstances, where the plaintiff is without fault for failing to seek amendment.[4] *See* Opp. at 13–17.

None of the cases cited by Plaintiffs holds otherwise.  To be sure, in *Nat'l Petrochemical Co.*, the Second Circuit affirmed the denial of a post-judgment motion for leave to amend under Rule 60(b), but stated in *dicta* that consideration of the Rule 15 standard in the Rule 60 context "might be appropriate in a proper case."[5] *Id.* at 245.  In *Faryniarz v. Ramirez*, 62 F. Supp. 3d 240, 248 (D. Conn. 2014), the court relied upon this *dicta* to allow a plaintiff to plead new federal claims after a judgment dismissing his state law claims for lack of diversity jurisdiction even though there was "no showing of exceptional circumstances." *Id*. at 247.  Notably, *Faryniarz* involved a motion for amendment that was filed shortly after the entry of judgment, *not* post-appeal, and, unlike here, the plaintiff had not previously been given any chance to amend his complaint to remedy the jurisdictional defect. *Id.* at 246.  Nothing in this case—or any of the others cited in the MOL—suggests that the liberal Rule 15 analysis may apply to a motion for vacatur filed *after* an appeal where the Plaintiffs declined two invitations to amend and then appealed the dismissal of their Complaint without appealing the denial of leave to amend.

Indeed, Plaintiffs have identified no precedent giving a plaintiff the benefit of the liberal Rule 15 standard for a post-judgment motion to amend where the plaintiff had previously waived the opportunity to amend even once, much less repeatedly as here.  To the contrary, *Foman*

---

[4]     *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001), cited by Plaintiffs, proves this rule.  There, the Second Circuit reversed a district court order denying plaintiff's Rule 60(b)(6) motion to vacate the dismissal of the complaint for lack of admiralty jurisdiction because at the time that the motion to dismiss on the question of admiralty jurisdiction was still pending, the plaintiff could not invoke diversity jurisdiction because the parties were not then diverse.

[5]     This *dicta* appears to be nothing more than an acknowledgement of the holding of *Foman*, which took into account the Rule 15 standard when considering the denial of a Rule 59(e) motion.

addressed the denial of a motion brought under Rule 59(e), *not* Rule 60(b), 371 U.S. at 181, where the plaintiff had no opportunity to amend, *id*. 179, and moved to vacate *the day after* judgment was entered, *id.* In *Williams*, the plaintiff "timely" moved to vacate under Rule 59(e) and Rule 60(b) two weeks after judgment was entered, 659 F.3d at 211, and, after that motion was denied, sought leave from the Second Circuit to amend the complaint, *id*. at 212. Neither *Foman* nor *Williams* suggest that the Rule 15 standard must be considered where a motion to vacate is not filed until *after* affirmance on appeal, or where, as here, the Plaintiffs waived the issue of the with-prejudice dismissal. In these circumstances, the "Court need not even determine whether the motion would otherwise satisfy Rule 15(a)(2)," including because Plaintiffs "have not shown their entitlement to relief from judgment pursuant to Rule 60(b)." *Obra Pia*, 2021 WL 1978545, at *7 (citing *Metzler*, 970 F.3d at 148).

The cases Plaintiffs have marshalled confirm that courts may consider the elements of a Rule 15 analysis only where, unlike here, a plaintiff *immediately* moves to vacate a judgment after it has been rendered. The logic of *Foman* was tethered to the immediacy with which the plaintiff in that case moved for post-judgment relief. *See Foman*, 371 U.S. at 179 (noting that motion to vacate was filed day after judgment was entered); *id.* at 182 (noting absence of undue delay); *Williams*, 659 F.3d at 214 (addressing absence of undue delay in *Foman*). But where, as here, Plaintiffs chose to appeal without challenging this Court's denial of leave to replead, the "considerations of finality" that undergird Rule 60(b) take on their full meaning.

Finally, in blatant violation of this Court's order of October 6, 2021, which directed the parties to "file written submissions only as to the issue of *vacatur*," Section II of Plaintiffs' MOL discusses the merits of the PAC under Rule 15. Consistent with this Court's October 6 Order, this Reply does not address the grounds for denying amendment under Rule 15 but addresses

solely the issue of vacatur briefed in Section I of Plaintiffs' MOL.  BLOM requests that Section

II of the MOL should be stricken pursuant to Fed. R. Civ. P. 16(f) as a sanction for Plaintiffs'

violation of the October 6 Order.[6]  In the alternative, BLOM requests leave to file a supplemental

brief to show why amendment would be improper.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for vacatur of the judgment issued by this

Court and affirmed by the Second Circuit should be denied.

Dated:  New York, New York
     December 3, 2021

                    DECHERT LLP


             By:     */s/ Linda C. Goldstein*
                    Linda C. Goldstein
                    Tamer Mallat
                    Three Bryant Park
                    1095 Avenue of the Americas
                    New York, New York 10036
                    (212) 698-3500

                    Justin M. Romeo (*pro hac vice*)
                    1900 K Street, Northwest
                    Washington, District of Columbia 20006
                    (202) 261-3300

---

[6]      Fed. R. Civ. P. 16(f) states that, "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney (C) fails to obey a scheduling or other pretrial order."  Rule 16(f) further states that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless noncompliance was substantially justified or other circumstances make an award of expenses unjust."  *Id.*; *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) "'All litigants, including *pro ses*, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice" (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)).

Michael H. McGinley (*pro hac vice*)
Selby P. Brown (*pro hac vice*)
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania 19104
(215) 994-4000

*Attorneys for Defendant BLOM Bank SAL*