

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**LINDA C. GOLDSTEIN**

linda.goldstein@dechert.com
+1 212 698 3817  Direct
+1 212 698 0684  Fax

December 6, 2021

**BY ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Honickman, et al. v. BLOM Bank SAL*, No. 1:19-cv-00008-KAM-SMG: Plaintiffs' Reply Memorandum of Law in Support of Their Motion to Vacate the Judgment [ECF No. 66]

Dear Judge Matsumoto:

On behalf of Defendant BLOM Bank SAL, I write to advise the court of a misstatement made in Plaintiffs' description of the procedural posture of *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001), one of the cases cited in their Reply Memorandum in support of their motion to vacate filed on December 3, 2021 ("Reply").  ECF No. 66.  At page 4 of the Reply, Plaintiffs assert:

> In *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001), the Circuit reversed a denial of a motion to vacate and amend raised *after* dismissal was affirmed on a prior appeal. . . . Only *after* the Circuit affirmed the dismissal, plaintiff LeBlanc moved to vacate the judgment and amend so as to remove a non-diverse plaintiff from the action and premise the case on diversity jurisdiction.

A review of the case's procedural history shows that these assertions are incorrect.  As described in the Second Circuit's opinion, Plaintiff LeBlanc filed her motion to vacate and amend two years *before* the Second Circuit affirmed the dismissal for lack of federal admiralty jurisdiction.  248 F.3d at 98 (noting that affirmance decision was issued in 1999 and motion to vacate was filed in 1997).  That sequence is confirmed by the case's docket sheet, which shows that the district court dismissed the *LeBlanc* complaint for lack of subject-matter jurisdiction on October 1, 1997.  No. 1:95-cv-01417 (NDNY) ECF No. 102.  The plaintiffs noticed their appeal on October 29, 1997.  NDNY ECF No. 104.  Three weeks later, on November 21, 1997, Plaintiff LeBlanc filed a motion to vacate the judgment, drop her non-diverse co-plaintiff, and reinstate the case under diversity jurisdiction.  NDNY ECF No. 105.  On June 23, 1998, while the appeal of the case's dismissal was still pending, the district court denied the motion to vacate, and LeBlanc noticed a separate appeal of that ruling.  NDNY ECF Nos. 127 and 128.  The jurisdictional dismissal was affirmed on December 9, 1999.  *See LeBlanc v. Cleveland*, 198 F.3d 353 (2d Cir. 1999).  The Second Circuit's decision reversing the denial of the motion to vacate was issued on May 4,



Honorable Kiyo A. Matsumoto
December 6, 2021
Page 2

2001.  248 F.3d 95.  The district court docket was entirely dormant in the 17 months between the two decisions on the concurrent appeals.  See NDNY ECF Nos. 132 and 133.

We have provided Plaintiffs' counsel with a copy of this letter and the attached NDNY docket and they agree that the sequence of filings in *LeBlanc* is as we have stated.  Counsel for the parties disagree as to the materiality of this error to Plaintiffs' argument and are happy to provide their respective views at the Court's request.

Respectfully submitted,

*Linda C. Goldstein*

Linda C. Goldstein

cc:  All counsel by ECF

Attachment