

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 264 0303

1441 Broadway, New York, NY 10018
T: 212 354 0111
www.osenlaw.com

December 7, 2021

**VIA ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Honickman, et al. v. BLOM Bank SAL*, No. 1:19-cv-00008-KAM-SMG

Dear Judge Matsumoto:

      Plaintiffs are in receipt of the Court's Minute Order ("Order") issued today and are mindful of its direction not to make "further submissions" on the issue of the factual error identified by Defendant. Plaintiffs will not do so here. However, because Defendant's December 6, 2021 letter inappropriately purported to state our agreement to its proposal for how to proceed ***without our consent*** in an apparent attempt to prevent us from addressing the Court, we are compelled to correct the record and respectfully propose more economical methods for addressing the error.

      BLOM's letter states that "Counsel for the parties … are happy to provide their respective views at the Court's request," ECF No. 67. Plaintiffs' counsel **never** agreed to that process or consented to BLOM filing its letter on our behalf, which gives the misimpression that Plaintiffs believe the issue BLOM raised warrants significant re-briefing by the parties and that they did not want to address the Court or BLOM's letter. Instead, when initially contacted by BLOM's counsel on this issue, Plaintiffs offered to write to the Court to correct the record, which BLOM rejected, instead setting forth *both* parties' purported agreement on how to proceed and filing it without Plaintiffs' consent (Plaintiffs were in the process of responding to ECF No. 67 when the Court issued the Order). Instead of meaningfully seeking our consent to make that representation as to our position, BLOM threatened to—and did—file the letter unless we "*immediately*" objected to it. In fact, given the correspondence described below, BLOM appears to have filed the letter with the language about "Counsel for the parties" being "happy to provide their respective views" only "at the Court's request" *specifically in order to prevent us from addressing the Court or replying to its letter*.

      BLOM's counsel sent Plaintiffs' counsel an email yesterday at 10:46 a.m. stating that they had "prepared a letter to Judge Matsumoto advising the court of an error in the discussion of the procedural history of *LeBlanc v. Cleveland* in your reply brief," and attached a draft version of the letter that described the error as a "*material* misstatement." See <u>Exhibit A</u> (emphasis added). The email requested a response "by 4 PM today [stating] whether you agree with our draft letter's

recitation of the sequence of filings in *LeBlanc v. Cleveland*"—although there was, of course, no pending deadline yesterday (or at all).

Having reviewed the *LeBlanc* docket and related materials and the draft letter, the undersigned responded at 3:23 p.m., stating:

> We agree that the filings in the district court occurred in the sequence you have described in your draft letter, **and we are happy to write to the Court to correct the record in this respect.** However, we disagree that the error in our brief's recitation of *LeBlanc*'s procedural history constitutes a "material misstatement" in that the sequencing you describe does not, in our view, change the Circuit's analysis in *LeBlanc* or our description of that analysis.

Exhibit B (emphasis added).

BLOM's counsel responded at 3:40 p.m., stating:

> We do not think that further mini-briefs are appropriate for this fully briefed motion. We have revised our proposed letter to strike the word "material" and to add a sentence saying that counsel for both sides would be happy to submit further briefing on the significance of the error at the Court's request. A revised version is attached. Please let us know if [sic] immediately if you object to the revised letter. If not, we will get the letter on file promptly.

Exhibit C. The email attached a draft version of the letter, *id.*, that is substantially similar to ECF No. 67.

BLOM filed the letter at 5:28 p.m. without awaiting further response from Plaintiffs.

As these emails show, when Plaintiffs offered to notify the Court of the error, BLOM sought to avoid letting the Plaintiffs address the Court *or even respond to its letter* by representing to the Court—without our permission—that "Counsel for the parties … are happy to provide their respective views," but only "at the Court's request." ECF No. 67.

In other words, BLOM has raised an error in Plaintiffs' recitation of *LeBlanc*'s procedural history (which Plaintiffs acknowledge based on the case's docket) and then gave the Court the misimpression that Plaintiffs would not raise it or agreed not to respond to BLOM's letter unless given leave to do so. Obviously, it is a fundamental principle that one party cannot represent the agreement or position of another party without the latter's consent, much less on the premise that they respond "*immediately*" in order to prevent the misdirection.

Because BLOM's letter purported to give Plaintiffs' position, we were not able to give the Court the benefit of our view of how to address the misstated procedural fact.

Insofar as the error relates *entirely* to two sentences in Plaintiffs' reply brief, *see* ECF No. 67 (Defendant's recitation of the two sentences), we respectfully request that Plaintiffs be

permitted to simply resubmit that brief correcting those two sentences.[1] But if the Court prefers the parties submit additional briefing relating to this issue, Plaintiffs respectfully propose that the Court direct the parties to refile their <u>reply briefs only</u> and afford them each an additional page or two to further address *LeBlanc*, rather than entirely restart briefing on the basis of an error in two sentences of a reply brief.

                                        Respectfully submitted,

                                        <u>/s/ Michael Radine</u>
                                        Michael Radine

---

[1] Plaintiffs would modify the two sentences as follows:

> In *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001), the Circuit reversed a denial of a motion to vacate and amend ~~raised~~ *after* dismissal was affirmed on a prior appeal.... Only *after* the Circuit affirmed the dismissal~~,~~ did it reverse the denial of ~~plaintiff~~ LeBlanc's motion ~~moved~~ to vacate the judgment and amend so as to remove a non-diverse plaintiff from the action and premise the case on diversity jurisdiction.

We supply this language solely to provide the Court and Defendant with an opportunity to assess the contents and scope of the correction we propose (limited to the factual correction and an omitting "plaintiff" to keep the brief under 10 pages), which in our view does not necessitate wholesale revision of the parties' briefs.