# EXHIBIT C

# Michael Radine

| | |
|---|---|
| **From:** | Goldstein, Linda <Linda.Goldstein@dechert.com> |
| **Sent:** | Monday, December 6, 2021 3:40 PM |
| **To:** | Michael Radine; Ari Ungar; Gary Osen; Aaron Schlanger; Dina Gielchinsky |
| **Cc:** | McGinley, Michael; Romeo, Justin M.; Brown, Selby; Mallat, Tamer |
| **Subject:** | RE: Honickman, et al. v. BLOM Bank SAL, 19-cv-00008-KAM-SMG -- Letter to Judge Matsumoto |
| **Attachments:** | revised 2021.12.06 - DRAFT BLOM Letter to J. Matsumoto re LeBlanc.DOCX |

Michael,

We do not think that further mini-briefs are appropriate for this fully briefed motion. We have revised our proposed letter to strike the word "material" and to add a sentence saying that counsel for both sides would be happy to submit further briefing on the significance of the error at the Court's request. A revised version is attached. Please let us know if immediately if you object to the revised letter. If not, we will get the letter on file promptly.

Linda

---

**From:** Michael Radine <mradine@osenlaw.com>
**Sent:** Monday, December 06, 2021 3:23 PM
**To:** Goldstein, Linda <Linda.Goldstein@dechert.com>; Ari Ungar <aungar@osenlaw.com>; Gary Osen <gosen@osenlaw.com>; Aaron Schlanger <aschlanger@osenlaw.com>; Dina Gielchinsky <dgielchinsky@osenlaw.com>
**Cc:** McGinley, Michael <Michael.McGinley@dechert.com>; Romeo, Justin M. <Justin.Romeo@dechert.com>; Brown, Selby <selby.brown@dechert.com>; Mallat, Tamer <Tamer.Mallat@dechert.com>
**Subject:** RE: Honickman, et al. v. BLOM Bank SAL, 19-cv-00008-KAM-SMG -- Letter to Judge Matsumoto

**[EXTERNAL EMAIL]**

Counsel:

Thank you for bringing this to our attention. We agree that the filings in the district court occurred in the sequence you have described in your draft letter, and we are happy to write to the Court to correct the record in this respect. However, we disagree that the error in our brief's recitation of *LeBlanc*'s procedural history constitutes a "material misstatement" in that the sequencing you describe does not, in our view, change the Circuit's analysis in *LeBlanc* or our description of that analysis.

Please advise whether you would like us to write to the court, set forth the sequence you describe and note the error in the brief.

Regards,


Michael Radine
Attorney at Law

**OSEN LLC**
190 Moore Street, Suite 272
Hackensack, NJ 07601 / USA

1

Telephone 201.265.6400
Facsimile 201.265.0303
mradine@osenlaw.com
www.osenlaw.com

**CONFIDENTIALITY NOTICE:** The information contained in this electronic mail communication is intended only for the individual or entity to whom it is addressed. It may contain privileged and confidential information that is exempt from disclosure by law and if you are not the intended recipient you may not copy, distribute or take any action in reliance upon it. If you have received this e-mail transmission in error, please notify our office immediately by e-mail or by telephone. Thank you for your cooperation. OSEN LLC - Attorneys at Law.

**From:** Goldstein, Linda <Linda.Goldstein@dechert.com>
**Sent:** Monday, December 6, 2021 10:46 AM
**To:** Michael Radine <mradine@osenlaw.com>; Ari Ungar <aungar@osenlaw.com>; Gary Osen <gosen@osenlaw.com>; Aaron Schlanger <aschlanger@osenlaw.com>; Dina Gielchinsky <dgielchinsky@osenlaw.com>
**Cc:** McGinley, Michael <Michael.McGinley@dechert.com>; Romeo, Justin M. <Justin.Romeo@dechert.com>; Brown, Selby <selby.brown@dechert.com>; Mallat, Tamer <Tamer.Mallat@dechert.com>
**Subject:** Honickman, et al. v. BLOM Bank SAL, 19-cv-00008-KAM-SMG -- Letter to Judge Matsumoto

Dear counsel,

We have prepared a letter to Judge Matsumoto advising the court of an error in the discussion of the procedural history of *LeBlanc v. Cleveland* in your reply brief. A copy of the draft letter, together with a copy of the NDNY docket confirming the sequence of filings, is attached. Please let us know by 4 PM today whether you agree with our draft letter's recitation of the sequence of filings in *LeBlanc v. Cleveland*. If you disagree with the chronology as stated in our draft, please explain why, with references to the NDNY docket sheet.

Kind regards,

Linda


**Linda C. Goldstein**

**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
+1 212 698 3817 Direct
+1 917 613 3562 Mobile
+1 212 698 0684 Fax
linda.goldstein@dechert.com
dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.



Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**LINDA C. GOLDSTEIN**

linda.goldstein@dechert.com
+1 212 698 3817  Direct
+1 212 698 0684  Fax

December 6, 2021

**BY ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Honickman, et al. v. BLOM Bank SAL*, No. 1:19-cv-00008-KAM-SMG: Plaintiffs' Reply Memorandum of Law in Support of Their Motion to Vacate the Judgment [ECF No. 66]

Dear Judge Matsumoto:

On behalf of Defendant BLOM Bank SAL, I write to advise the court of a misstatement made in Plaintiffs' description of the procedural posture of *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001), one of the cases cited in their Reply Memorandum in support of their motion to vacate filed on December 3, 2021 ("Reply").  ECF No. 66.  At page 4 of the Reply, Plaintiffs assert:

> In *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001), the Circuit reversed a denial of a motion to vacate and amend raised *after* dismissal was affirmed on a prior appeal. . . .  Only *after* the Circuit affirmed the dismissal, plaintiff LeBlanc moved to vacate the judgment and amend so as to remove a non-diverse plaintiff from the action and premise the case on diversity jurisdiction.

A review of the case's procedural history shows that these assertions are incorrect.  As described in the Second Circuit's opinion, Plaintiff LeBlanc filed her motion to vacate and amend two years *before* the Second Circuit affirmed the dismissal for lack of federal admiralty jurisdiction.  248 F.3d at 98 (noting that affirmance decision was issued in 1999 and motion to vacate was filed in 1997).  That sequence is confirmed by the case's docket sheet, which shows that the district court dismissed the *LeBlanc* complaint for lack of subject-matter jurisdiction on October 1, 1997.  No. 1:95-cv-01417 (NDNY) ECF No. 102.  The plaintiffs noticed their appeal on October 29, 1997.  NDNY ECF No. 104.  Three weeks later, on November 21, 1997, Plaintiff LeBlanc filed a motion to vacate the judgment, drop her non-diverse co-plaintiff, and reinstate the case under diversity jurisdiction.  NDNY ECF No. 105.  On June 23, 1998, while the appeal of the case's dismissal was still pending, the district court denied the motion to vacate, and LeBlanc noticed a separate appeal of that ruling.  NDNY ECF Nos. 127 and 128.  The jurisdictional dismissal was affirmed on December 9, 1999.  *See LeBlanc v. Cleveland*, 198 F.3d 353 (2d Cir. 1999).  The Second Circuit's decision reversing the denial of the motion to vacate was issued on May 4,



2001.  248 F.3d 95.  The district court docket was entirely dormant in the 17 months between the two decisions on the concurrent appeals.  See NDNY ECF Nos. 132 and 133.

We have provided Plaintiffs' counsel with a copy of this letter and the attached NDNY docket and they agree that the sequence of filings in *LeBlanc* is as we have stated.  Counsel for the parties disagree as to the materiality of this error to Plaintiffs' argument and are happy to provide their views at the Court's request.

Respectfully submitted,


Linda C. Goldstein

cc:  All counsel by ECF

Attachment