UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
HONICKMAN, *et al*,

               *Plaintiffs*,

        v.

BLOM BANK SAL,

               *Defendant*.
---------------------------------X

                               <u>**MEMORANDUM AND ORDER**</u>

                               19-CV-0008(KAM)(SMG)

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiffs are victims, or the relatives of victims
("Plaintiffs"), of attacks conducted by Hamas, a designated
Foreign Terrorist Organization ("FTO"), between December 2001
and August 2003 in Israel and the Palestinian Territories.
Plaintiffs commenced this action pursuant to the Anti-Terrorism
Act ("ATA"), as amended by the Justice Against Sponsors of
Terrorism Act ("JASTA"), 18 U.S.C. § 2333(d), to recover damages
from BLOM Bank SAL ("BLOM," or "Defendant") for allegedly aiding
and abetting Hamas' commission of terrorist acts by providing
financial services to Hamas through three of BLOM's customers
who are alleged to be Hamas affiliates: the Sanabil Association
for Relief and Development ("Sanabil"), Subul Al-Khair, and the
Union of Good (collectively, BLOM's "Three Customers").

      This case has been closed since January 15, 2020,
following this Court's order granting Defendant's motion to
dismiss and the entry of judgment. (ECF No. 45.)  On July 29,

2021, the Second Circuit affirmed the judgment of dismissal for failure to state a claim, albeit on other grounds.  Presently before the Court is Plaintiff's motion to vacate the Judgment of this Court which dismissed their Complaint with prejudice after Plaintiffs' counsel twice declined the Court's offer to grant leave to amend. (ECF No. 44, Jan. 14, 2020 Order; ECF No. 45, Judgment.)  For the reasons discussed further below, Plaintiffs' motion is respectfully DENIED.

## BACKGROUND[1]

Plaintiffs twice expressly declined the opportunity to amend their complaint prior to the Court's decision dated January 14, 2020: 1) on May 15, 2019 at the pre-motion conference (Tr. 6:9–24, May 15, 2019), and 2) on November 25, 2019, at oral argument on the motion to dismiss. (*See* ECF No. 50, Pls. Pre-Motion Conference Req., p. 1.)  On January 14, 2020, this Court issued an Order granting Defendant's motion to dismiss Plaintiffs' complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (*See* ECF No. 44, Order; *see also* ECF No. 45, Judgment.)  Plaintiffs appealed this Court's Order and the accompanying Judgment to the Court of

---

[1] The Court assumes familiarity with the underlying facts, the preceding procedural history, and the scope of issues presented before this Court and on appeal before the Second Circuit.

2

Appeals for the Second Circuit on February 13, 2020. (ECF No. 46.)  On July 29, 2021, the Second Circuit in *Honickman v. BLOM Bank SAL*, 6 F.4th 487 (2d Cir. 2021), affirmed this Court's Order and judgment of dismissal (ECF No. 44) in *Honickman for Est. of Goldstein v. BLOM Bank SAL*, 432 F. Supp. 3d 253 (E.D.N.Y. 2020), albeit after applying a different standard. Following the Second Circuit's affirmance of this Court's Order, Plaintiffs filed a request for a pre-motion conference on August 9, 2021, in anticipation of their motion pursuant to Fed. R. Civ. P. 15(a) and 60(b)(6) to vacate the judgment and for leave to file an amended complaint. (ECF No. 50.)  Defendant opposed this request. (ECF No. 51.)

On October 6, 2021, the Court held a pre-motion conference regarding Plaintiffs' proposed motions to 1) vacate the judgment of this Court dismissing their Complaint with prejudice; and 2) amend the Complaint that was previously dismissed.  The Court granted the parties leave to file written submissions only as to the issue of *vacatur*. On December 7, 2021, the Court granted the parties a second opportunity to file accurate submissions.  On December 13, 2021, Plaintiffs filed a Memorandum in Support of their Motion to Vacate Judgment (ECF No. 70), and Defendants filed a Memorandum in Opposition to the Motion to Vacate Judgment. (ECF No. 69.)  On January 3, 2022, Plaintiffs filed a Reply in Support of their Motion (ECF No.

3

73), and Defendants filed a Reply in Opposition to Plaintiffs'
Motion. (ECF No. 72.)

## LEGAL STANDARD

It is well established that "[a] party seeking to file
an amended complaint post[-]judgment must first have the
judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e)
or 60(b)." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*,
970 F.3d 133, 142 (2d Cir. 2020) (citing *Ruotolo v. City of New
York*, 514 F.3d 184, 191 (2d Cir. 2008)).[2]

Rule 60(b) of the Federal Rules of Civil Procedure
allows a district court to relieve a party from a judgment under
any one of five specified reasons, none of which are applicable
(*see* Fed. R. Civ. P. 60(b)(1)-(5)), or under the sixth catch-all
provision under Rule 60(b)(6), for "any other reason [that]
justif[ies] relief[.]" *Simone v. Prudential Ins. Co. of Am.*, 164
F. App'x 39, 40 (2d Cir. 2006) (citing Fed. R. Civ. P.
60(b)(6)).  Rule 60(b)(6) is "properly invoked only when there
are extraordinary circumstances justifying relief" or "when the
judgment may work an extreme and undue hardship," *Nemaizer v.*

---

[2] Contrary to Plaintiffs' invocation of Federal Rule of Civil Procedure 15, it
"would be contradictory to entertain a motion to amend the complaint" without
"a valid basis to vacate the previously entered judgment." *Nat'l
Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir.
1991). "To hold otherwise would enable the liberal amendment policy of Rule
15(a) to be employed in a way that is contrary to the philosophy favoring
finality of judgments and the expeditious termination of litigation."
*Metzler*, 970 F.3d at 142 (citations omitted).

*Baker*, 793 F.2d 58, 63 (2d Cir. 1986).  The Second Circuit has cautioned that "motions under Rule 60(b) are disfavored." *Simone*, 164 F. App'x at 40 (citing *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).  The "burden of proof is on the party seeking relief" from the judgment. *Pichardo*, 374 F.3d at 55 (citation omitted).

## DISCUSSION

For the following reasons, the Court concludes that Plaintiffs have not demonstrated that relief under Rule 60(b)(6) is warranted.  As a preliminary matter, the Second Circuit in *Honickman* affirmed this Court's January 14, 2020, Order of dismissal, and in doing so specifically held,

> [b]ecause [...] Plaintiffs failed to plausibly allege BLOM Bank was aware the Three Customers were related to Hamas, [the Second Circuit does] not need to consider whether they plausibly alleged the Three Customers were closely intertwined with Hamas's violent terrorist activities. Nor do[es] [the Second Circuit] need to address whether the complaint satisfies the substantial assistance element. The complaint's failure to support a reasonable inference that BLOM Bank knew of the Three Customers' links to Hamas sounds the death knell of Plaintiffs' JASTA aiding-and-abetting liability action.

*Honickman*, 6 F.4th at 503.  With regard to Plaintiffs' aiding-and-ability liability claim, the Court of Appeals "acknowledge[d] that the district court's decision came before [the Second Circuit's] opinion in *Kaplan* [*v. Lebanese Canadian Bank, SAL*, 999 F.3d 842 (2d Cir. 2021)] clarified the import of

our earlier JASTA aiding-and-abetting precedents which may have generated some ambiguity as to the proper standard." *Honickman*, 6 F.4th at 497, n. 11.

Second, the Court finds that Plaintiffs have not demonstrated any extraordinary circumstances warranting relief under Rule 60(b)(6).  Given Rule 60(b)(6)'s potentially "sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *Nemaizer*, 793 F.2d at 63).

Despite the Second Circuit holding in *Honickman*, 6 F.4th at 503, that Plaintiffs' aiding-and-abetting claim must fail, Plaintiffs argue in support of *vacatur* that this "Court should give Plaintiffs the opportunity to meet what the Circuit called the 'correct standard.'" (ECF No. 50, Pls. Req. for Pre-Motion Conference, p. 1.)  Plaintiffs' unavailing argument that the Second Circuit's clarification of the aiding-and-abetting standard constitutes "extraordinary circumstances" ignores the long-settled proposition in the Second Circuit that "as a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." *Empresa Cubana Del Tabaco v. Gen. Cigar Co.*

*Inc.*, 385 F. App'x 29, 32 (2d Cir. 2010) (citing *Pichardo*, 374 F.3d at 56; *see also Agostini v. Felton*, 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)....")).[3] The Second Circuit has affirmed the judgment of dismissal of the complaint.  This Court does not consider the clarification by the Second Circuit of the standard for a successful aiding-and-abetting claim to constitute extraordinary circumstances meriting *vacatur* of this Court's prior Judgment, which the Second Circuit affirmed after applying the clarified standard. Plaintiffs fail to raise any other allegedly extraordinary circumstances, and do not show that any of their proposed new allegations were unavailable to them when given the opportunity to amend the complaint prior to this Court's decision on Defendant's motion to dismiss.

---

[3] Moreover, even if changes in decisional law *were* appropriate bases for vacatur, it is not clear to this Court that the deficiencies identified in Plaintiffs' Complaint by this Court and the Court of Appeals would be impacted by the Second Circuit's clarified standard for aiding-and-abetting claims.  Even under the clarified standard, this Court's ruling that "Plaintiffs' complaint does not plausibly allege that BLOM was generally aware of any connection between the Three Customers and Hamas" is not meaningfully different from the Second Circuit's ruling as to this same basis for affirming this Court's dismissal. *See Honickman*, 432 F. Supp. 3d at 265; *see also Honickman*, 6 F.4th at 501 (the Second Circuit held that "Plaintiffs' aiding-and-abetting claim fails because the allegations do not support an inference that BLOM Bank was aware of the Three Customers' ties with Hamas prior to the relevant attacks, thereby undermining the second element of general awareness.").

Third, although this Court is deeply sympathetic to the Plaintiffs, Plaintiffs have not satisfied this Court that denying the instant motion for *vacatur* would result in "an extreme and undue hardship[.]" *Nemaizer*, 793 F.2d at 63. Plaintiffs only summarily argue that they would be "[p]rejudiced and [d]efendant [w]ould [n]ot," and focus instead on the lack of prejudice for Defendant in continuing litigation if Plaintiffs' motion for *vactur* were granted. (ECF No. 70, Pls. Mem., pp. 26-27.)  Fundamentally, Plaintiffs seek to amend their complaint after declining two prior opportunities to do so, and after unsuccessfully appealing the dismissal of that complaint with prejudice.[4]  Plaintiffs will not be prejudiced by the ultimate conclusion of this litigation, as Plaintiffs have had ample opportunity to pursue all legal avenues available to them for relief.  Indeed, Plaintiffs asserted in their opposition to the Defendant's motion to dismiss that this Court should apply the standard subsequently clarified by the Second Circuit in *Kaplan*, 999 F.3d 842, and in the *Honickman* appeal, and the Circuit ruled in the instant appeal that even applying the clarified standard,

---

[4] Defendant correctly notes that Plaintiffs never appealed the "with prejudice" aspect of the dismissal, and accordingly, waived it. (*See* ECF No. 72, p. 3); *see also* 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4433 (3d ed. 2021) ("A party who elects to appeal on one issue, omitting another issue on which it lost, is subject to issue preclusion on the issue not appealed.").

the dismissal of the complaint was affirmed. (ECF No. 37, Pl.
Opp. Mem. pp. 10-23.)

Relatedly, Plaintiffs concede that they twice declined
the opportunity to amend their Complaint before this Court
dismissed it. (ECF No. 50 at 1.)  At the May 15, 2019, Pre-
Motion Conference, "[t]he Court offered Plaintiffs an
opportunity to amend their complaint[] to add additional
information in response to the arguments raised by Defendant.
Plaintiffs declined to do so and represented that they would not
be seeking to amend their Complaint in this regard."  (Min.
Entry, May 15, 2019.)  The Court specifically asked Plaintiffs'
counsel during the pre-motion conference: "Are there any
additional facts you could add to the allegations that the
defendant is challenging here or are you comfortable standing on
your complaint as it is?" (Tr. 6:9-11, May 15, 2019.)[5]
Plaintiffs' counsel expressly declined the Court's invitation to
amend the complaint, stating "[n]o, I think we are prepared to
brief it based on the arguments presented in the pre-motion

---

[5] Relatedly, during the October 6, 2021, pre-motion conference on the instant
motion for *vacatur*, the Court asked: "If the standard wasn't clear and you
were advocating for a particular standard, why wouldn't you allege facts that
met the standard that you thought was the right standard?" (Oct. 6, 2021, Tr.
at 4:23-5:1.) Counsel for Plaintiffs responded in relevant part, "We thought
the allegations we had were sufficient at the time. The circuit disagreed, I
think, on a fairly detailed basis. As opposed to rejecting our theory of
knowledge generally, it found fault with specific deficiencies that we can
address." (*Id.* at 5:18-22.) Counsel for Plaintiffs did not explain why they
did not allege facts sufficient to satisfy the standard for which they were
advocating.

letter." (*Id*. at 6:15–16.)  Plaintiffs' counsel again confirmed
that Plaintiffs would not seek leave to amend if the Court
granted Defendant's motion, stating, "sitting here today based
on what was represented as the arguments in the pre-motion
letter, we would not seek leave to amend." (*Id*. at 6:22–24.)

       Subsequently, on November 25, 2019, at oral argument
on the motion to dismiss, this Court again offered, and after
having reviewed the fully submitted motion to dismiss,
Plaintiffs again expressly declined the opportunity to amend
their complaint. (*See* ECF No. 50, Pls. Pre-Motion Conference
Req., p. 1 ("Plaintiffs declined the opportunity to amend at the
pre-motion conference for BLOM's motion to dismiss, which
declination they confirmed at oral argument.").)[6]  As this Court
noted in *Honickman*, 432 F. Supp. 3d at 270, the Second Circuit
has clarified that a district court may dismiss a complaint
without granting leave to amend where, as here, the Plaintiffs
previously declined an opportunity to amend their complaint.
*See Rosner v. Star Gas Partners, L.P.*, 344 F. App'x 642, 645 (2d
Cir. 2009) (summary order) (where plaintiffs previously declined
opportunities to amend prior to dismissal, it was within the

---

[6] Notwithstanding Plaintiffs' multiple declinations of the opportunity to
amend their complaint and their failure specifically to appeal the "with
prejudice" dismissal of their complaint, Plaintiffs do not contend that the
additional facts they now propose to allege were not available when they
declined the opportunity to amend before the briefing, oral argument, and
this Court's decision.

district court's discretion to dismiss the Complaint with prejudice); *see also Berman v. Morgan Keegan & Co.*, 455 F. App'x 92, 97 (2d Cir. 2012) (summary order) (stating that "a district court does not abuse its discretion to deny a plaintiff's motion to alter or amend a judgment" where "the court expressly invited plaintiffs to amend the Complaint, but plaintiffs declined the court's invitation"); *Berman v. Morgan Keegan & Co.*, 455 F. App'x 92, 97 (2d Cir. 2012) ("a district court does not abuse its discretion to deny a plaintiffs' motion to alter or amend a judgment" where "plaintiffs declined the court's invitation" to amend).  The Court respectfully declines to grant Plaintiffs' request for *vacatur* of the judgment following Plaintiffs' documented series of deliberate choices not to cure the deficiencies identified in their pleading by Defendant and this Court.  As the Supreme Court long ago noted in *Ackermann v. United States*, 340 U.S. 193, 198 (1950), "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for

vacatur pursuant to Rule 60(b)(6) is DENIED.


**SO ORDERED.**

Dated:   April 8, 2022
         Brooklyn, New York

                                    _____
                                            /s/
                                    Kiyo A. Matsumoto
                                    United States District Judge